# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-40172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2014

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE INEZ GUERRA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-846-1

————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Inez Guerra appeals the 70-month sentence imposed after his guilty plea conviction for illegal reentry following prior deportation. He argues that the above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Guerra asserts that the district court gave too much weight to his prior crime

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40172

of violence convictions, which were remote in time, and not enough weight to his personal circumstances.

Guerra has not shown that his sentence was substantively unreasonable. The record reflects that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in deciding that an upward variance was merited. The district court concluded that the guidelines range did not adequately take into account the § 3553(a) factors, including Guerra's history and characteristics, the need to promote respect for the laws of the United States, the need to provide a just punishment, and the need to deter future crimes. To the extent that Guerra disagrees with his sentence and the district court's evaluation of the § 3553(a) factors, he has not shown that the district court abused its discretion on that basis. *See Gall v. United States*, 522 U.S. 38, 51 (2007).

AFFIRMED.